# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| COREY ALAN BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1001-JDT-egb |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DENYING "MOTION TO ORDER JUDGE TO RESPOND,"
DIRECTING PLAINTIFF TO PAY THE $400 CIVIL FILING FEE AND
PROHIBITING FILING OF FURTHER MOTIONS UNTIL THE FILING FEE IS PAID

---

On January 5, 2015, Plaintiff Corey Alan Bennett ("Bennett"), Tennessee Department of Correction ("TDOC") prisoner number 509793, who is currently incarcerated at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, along with a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Bennett has named as Defendants the Tennessee Department of Correction ("TDOC") Law Enforcement Unit; Special Agent-in-Charge Scott Miller; Special Agent Jonathon Flake; former Hardeman County Correctional Facility ("HCCF") Warden Michael Donahue; Assistant Warden Mitchell Bradshaw; Internal Affairs Investigator Robert Shouse; TDOC Director of Internal Affairs Terrence Davis; and TDOC

Commissioner Derrick Schofield. On March 4, 2015, Plaintiff filed a "Motion to order Judge to respond to forma pauperis motion and have Clerk issue service." (ECF No. 4.)

Under the PLRA, a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a).[1] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." Effective May 1, 2013, the Judicial Conference prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is denying leave to proceed *in forma pauperis* in this case, Plaintiff is liable for the entire $400 fee.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed at least three previous civil rights lawsuits while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[2] Therefore, Plaintiff may not proceed *in forma pauperis* in any civil action filed while he is incarcerated unless he demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger must be made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (stating that the injury must be "presently existing" when the plaintiff filed the complaint); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Bennett alleges that on December 9, 2014, Defendant Flake interviewed him concerning allegations that Bennett had sent Flake's wife a threatening letter. (ECF No. 1 at 6.) At that time, Defendants Flake, Shouse and Miller allegedly beat Bennett and struck him several times in the face, leaving him with several lacerations. (*Id.*) Bennett was taken

---

[2] *See Bennett v. Isaacs, et al.*, No. 3:13-cv-299 (E.D. Tenn. Oct. 10, 2013) (dismissed as frivolous and for failure to state a claim); *Bennett v. Sexton, et al.*, No. 3:13-cv-494 (E.D. Tenn. October 15, 2013) (dismissed as frivolous and for failure to state a claim); and *Bennett v. Sexton, et al.*, No. 3: 13-cv-538 (E.D. Tenn. October 15, 2013) (dismissed as frivolous and for failure to state a claim).

to Jackson Regional Hospital where Defendants Schofield and Davis allegedly told Bennett that if he reported the incident, they would kill him. (*Id.*) Bennett further alleged that he had not been fed in over twenty-four hours,[3] that he had been beaten several times over the last two weeks, and that he had lost ten pounds. (*Id.*) Bennett contends that officers put bleach in his food and tried to make him eat it. (*Id.*) The complaint contains no allegations pertaining to actions by Defendant Bradshaw. Bennett seeks injunctive relief as well as punitive and compensatory damages. (*Id.*)

This is the seventh complaint Bennett has filed concerning the short time he was housed at the HCCF. *See Bennett* v. *Donahue*, 14-1120-JDT-egb (W.D. Tenn. Oct. 13, 2015); *Bennett v. Bradshaw*, No. 14-1111-JDT-egb (W.D. Tenn. Sept. 2, 2014); *Bennett v. Davis*, No. 14-1116-JDT-egb (W.D. Tenn. Aug. 21, 2014); *Bennett v. Roberts*, No. 14-1113-JDT-egb (W.D. Tenn. July 8, 2014); *Bennett v. TDOC*, No. 14-1097-JDT-egb (W.D. Tenn. July 8, 2014); *Bennett v. Cox*, No. 14-1091-JDT-egb (W.D. Tenn. July 8, 2014); *Bennett v. Goowin*, No. 14-1057-JDT-egb (W.D. Tenn. July 8, 2014). It appears that he was transferred from the HCCF to the Northeast Correctional Complex ("NECX") and then to the RMSI where he is currently housed.

The complaint in this case was received and docketed almost a month after the December 9, 2014, incident at the HCCF with Defendants Flake, Shouse, and Miller, and it was placed in the NECX mail system on December 30, 2014. (*See* ECF No. 1-1.) Therefore, Bennett could not have been in imminent danger from any person or condition at the HCCF

---

[3] This is the third complaint Bennett has filed alleging he was deprived of a shower and missed several meals while housed at the HCCF. *See Bennett v. Goowin*, No. 14-1057-JDT-egb (W.D. Tenn. July 10, 2014) (dismissed for failure to pay filing fee) and *Bennett* v. *Donahue*, 14-1120-JDT-egb (W.D. Tenn. Oct. 15, 2015) (dismissed for failure to pay filing fee).

when he filed the complaint. The allegations in the complaint do not adequately allege that Bennett was actually "under imminent danger of serious physical injury" on the day he commenced this action. Allegations of past dangers are insufficient to invoke the exception. *Rittner*, 290 Fed. App'x at 797-98.

Bennett has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492-93 (6th Cir. 2012). Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot consider it on the merits unless Bennett first tenders the civil filing fee. Therefore, Bennett's motion to proceed *in forma pauperis* and his "Motion to order Judge to respond . . ." are DENIED pursuant to 28 U.S.C. § 1915(g).

Bennett is ORDERED to remit the entire $400 civil filing fee within thirty (30) days after the date of this order. Failure to do so will result in the assessment of the filing fee from Bennett's inmate trust account without regard to the installment procedures and dismissal of this action for failure to prosecute. *Alea*, 286 F.3d at 381-82.

Bennett is hereby PROHIBITED from filing further motions and documents in this case until the full filing fee of $400 is remitted. The Clerk is directed to file no further motions or documents in this case until the full filing fee is received.

IT IS SO ORDERED.

 s/ **James D. Todd**                    
JAMES D. TODD
UNITED STATES DISTRICT JUDGE